UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THEODORE F. INGRAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV1327 HEA |
| | ) | |
| TERMINAL RAILROAD ASSOCIATION | ) | |
| OF ST. LOUIS PENSION PLAN FOR | ) | |
| NONSCHEDULE EMPLOYEES, | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court are the parties' cross-motions for summary judgment, [Doc. No.'s 22 and 25].

Plaintiff brings this cause of action pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001, et seq., alleging that Defendant, sponsor of the pension plan to which Plaintiff was a participant, failed to properly calculate his pension benefits, and improperly calculated the offset to his retirement benefits because of benefits he received from another employer, Union Pacific. Plaintiff seeks recovery of the retirement benefits based on his calculations, prejudgment interest and attorney's fees and costs incurred in this action, pursuant to 29 U.S.C. § 1132(g).

Plaintiff and Defendant now move for summary judgment, arguing that there are no genuine issues of material fact and that they are each entitled to judgment as a matter of law.

Pursuant to Fed.R.Civ.P. 56(c), a court may grant summary judgment if the information before the court shows that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The burden of proof is on the moving party to set forth the basis of its motion, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), and the Court must view all facts and inferences in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Once the moving party shows there are no material issues of fact in dispute, the burden shifts to the adverse party to set forth facts showing there is a genuine issue for trial. *Id*. The non-moving party may not rest upon its pleadings, but must come forward with affidavits or other admissible evidence to rebut the motion. *Celotex*, 477 U.S. at 324. "[T]he filing of cross motions for summary judgment does not necessarily indicate that there is no dispute as to a material fact, or have the effect of submitting the cause to a plenary determination on the merits." *Wermager v. Cormorant Twp. Bd.*, 716 F.2d 1211, 1214 (8th Cir.1983). Instead, each summary judgment motion must be evaluated

separately on its own merits to determine whether a genuine issue of material fact exists and whether the movant is entitled to judgment as a matter of law. *Husinga v. Federal–Mogul Ignition Co.*, 519 F.Supp.2d 929, 942 (S.D.Iowa 2007).

In determining the instant motions for summary judgment, the Court has reviewed the administrative record, the evidence, and information submitted in support of the parties' respective positions. The Court finds there to be genuine issues of material fact in dispute. In an interesting variation of the classic review of an administrative record upon which the Court bases its determination, the Court has concluded that genuine issues of material fact exist which require further proceedings.

For example, Plaintiff bases a significant portion of his claim on the fact that when he was originally negotiating with Defendant to become an employee of Defendant, he was offered a "sign on bonus" which was "grossed up" for taxes, and which appears to have been offered as an incentive to work for Defendant at a lower salary than he was currently receiving. He was also advised that Defendant did not have a policy regarding moving expenses. It appears that Defendant did not provide new employees with any moving expenses. Plaintiff paid income tax on the "sign on bonus," hence the "grossed up" amount. When determining Plaintiff's annuity, Defendant did not include the "sign on bonus" in the

calculations of the amount Plaintiff was to receive. Defendant claimed that the amount was what Defendant estimated to be Plaintiff's moving expenses. Plaintiff asserts that he was never advised that the "sign on bonus" was anything but just that; Defendant contends that from the beginning, the "bonus" was intended to compensate Plaintiff for his moving expenses. Curiously, the claimed administrator,[1] Kerry Paubel, has not submitted an affidavit regarding the reason for paying Plaintiff the $85,000. Ms. Shannon Nouri, Defendant's Director of Human Resources, Corporate Secretary and Assistant to the President, has submitted an affidavit, which provides, in pertinent part:

> 1. Mr. Broyles [president of TRRA] instructed me to consult with Kerry Paubel, the Company's Chief Financial Officer, and determine a reasonable amount to be paid to Mr. Ingram to compensate him for the costs of moving. Mr. Broyles stated that Mr. Ingram was to be paid a lump sum to compensate him for relocation expenses and that this would be easier administratively for the Company than requiring documentation and reimbursement of specific expenses.
>
> 2. Mr. Paubel and I determined that $85,000 would be an appropriate amount to compensate Mr. Ingram for relocation and Mr. Paubel calculated an additional amount to be paid as a "gross up" for taxes Mr. Ingram would incur on $85,000. Mr. Ingram was paid $142,737.20, reflecting the $85,000 in compensation for relocation and the gross up on that amount.

---

[1] Plaintiff raises questions of the appointment of Mr. Paubel as the Plan Administrator, such that there exist irregularities in the process which warrant a *de novo* review by the Court. Because the Court concludes that genuine issues of material fact exist, the Court has yet to resolve the standard of review issue.

Further, Mr. Broyles avers in his affidavit:

3. Mr. Ingram and I agreed that he would be paid a lump sum amount that would be approximately equal to the moving expenses that would be reasonably incurred by an executive relocating from California to St. Louis.

Plaintiff denies that the "sign on bonus" was indeed intended to Plaintiff cover his moving expenses; Plaintiff points out the significance of: the label "sign on bonus;" the substantial dis-proportionality between the amount paid and his actual moving expenses through offering evidence that on his own tax return his actual tax-deduction for moving expenses for 2006 was $20,738, not $85,000; the fact that although Defendant urges the estimate was high because it included an amount for loss on the sale of his home, he did not suffer a loss on the sale of his home. Defendant never attempts to reconcile the terminology originally attributed to the $85,000, (sign on bonus), with its later designation as "reimbursement for moving expenses. Such unexplained changes give rise to issues of material fact which render summary judgment inappropriate.

Crediting certain affidavits would necessarily require the Court to discredit opposing affidavits. The Court is not at liberty to believe one affidavit over another without more. Because the Court is confronted diametrically opposed

versions of what occurred in 2006 and the resulting determination to exclude from Plaintiff's earnings the "sign on bonus," summary judgment in favor of either party is not appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that the Motions for Summary Judgment, [Doc. No. 22 and 25], are denied.

Dated this 30th day of September, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE